FRED BLUM, ESQ. (SBN 101586)
fblum@teamghb.com
DANIEL TROWBRIDGE ESQ. (SBN 301301)
dtrowbridge@teamghb.com
YUBEIXI BESSY SHI, ESQ. (SBN 332755)
bshi@teamghb.com
GALLAGHER HUIE + BLUM
601 Montgomery Street, Suite 1100
San Francisco, CA 94111
Telephone:   (415) 397-9006
Facsimile:    (415) 397-1339

Attorneys for Defendant
THE GEO GROUP INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUSEBIO AYALA ROMAN, Individually and as Successor in Interest (Decedent's father) *and* LUCIA URIBE MARTINEZ, Individually and as Successor in Interest (Decedent's Mother),<br><br>   Plaintiff,<br><br> vs.<br><br>THE GEO GROUP, INC, WELLPATH, LLC and DOES 1-100, Inclusive, Defendants,<br>   Defendants. | Case No. 8:25-cv-02893-DOC-KES<br><br>**DEFENDANT THE GEO GROUP INC'S NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Declaration of Fred M. Blum, and [Proposed] Order]*<br><br>Date:   May 18, 2026<br>Time:   8:30 a.m.<br>Location:  Santa Ana, Ctrm.10A<br>Judge:   Hon. David O. Carter<br><br>Action Filed: December 31, 2025 |

1

**TO THE COURT, PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on May 18, 2026, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10A, located at 411 West 4th Street, Santa Ana, CA 92701, Defendant THE GEO GROUP ("Defendant") will and hereby does move the Court for an Order dismissing the following claims for relief alleged in the Complaint (ECF No. 1 the "Complaint") of EUSEBIO AYALA ROMAN and LUCIA URIBE MARTINEZ (collectively, "Plaintiffs") First claim - 5th Amendment (Due Process. Deliberate Indifference to Serious Medical Needs.); Second claim- 5th Amendment. (Unconstitutional Conditions of Confinement); Sixth claim-Violation of California Government Code §7320 and Seventh claim- Violation of CA Civil Code § 52.1(The Tom Bane Civil Rights Act) without leave to amend.

This motion is made pursuant to Federal Rule of Civil Procedure 12 (b)(6) on the grounds that the Complaint fails to allege sufficient facts necessary to support plausible legal claims upon which relief can be granted.

Defendant and Plaintiffs' counsel have met and conferred by video conference in accordance with Central District Local Rule 7-3

The motion will be based upon this Notice, the Memorandum of Points and Authorities set forth below, the accompanying Declaration of Fred Blum, and on all of the files and records in this action.

Date:   April 3, 2026                GALLAGHER HUIE + BLUM

By: _____
                FRED BLUM
                DANIEL TROWBRIDGE
                YUBEIXI BESSY SHI
                Attorneys for Defendant
                THE GEO GROUP INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The first and second claims for violation of Fifth Amendment Due Process (deliberate indifference to serious medical needs and unconstitutional conditions of confinement) should be dismissed since U.S Supreme Court has refused to extend Bivens remedy to private contractors like Defendant, The GEO GROUP INC. ("GEO" or "Defendant"). Courts have repeatedly held that there is no right of action against private government contractors. Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (S. Ct. 2001).

The sixth claim for violation of California Government Code §7320, should also be dismissed for failing to allege facts that show Government Code §7320 applies to Defendant. The section only applies to detainments where the party is held pending a hearing.  No such allegations are made in the Complaint.

Last, the seventh claim for Violation of CA Civil Code § 52.1 (The Tom Bane Civil Rights Act ("Bane Act")) with respect to Plaintiffs' individual claims should also be dismissed as it has been held that there is no right of action for or on behalf of the individual plaintiffs themselves under The Tom Bane Act. Bane Act claims may only be brought as survival claims.

### II.    STATEMENT OF FACTS

On or about December 31, 2025, Plaintiffs filed the Complaint against Defendant GEO. ECF No. 1 (the "Complaint").

As it relates to this Motion, the Complaint alleges the following causes of action:

- First cause of action: Violation of 5th Amendment (Due Process. Deliberate Indifference to Serious Medical Needs.);
- Second cause of action: Violation of 5th Amendment. (Unconstitutional Conditions of Confinement);
- Sixth cause of action: Violation of California Government Code §7320; and
- Seventh cause of action: Violation of CA Civil Code § 52.1.

"This claim arises from the unlawful and negligent conduct of a private contractor GEO Group, Inc., and its related personnel, and subcontractor[s] who failed to provide reasonable and adequate necessary care to Mr. Ismael Ayala Uribe, while he was in custody at the Adelanto ICE Processing Center." Complaint ¶27. Plaintiffs allege that while Ismael Ayala Uribe ("Mr. Ayala Uribe" or "Mr. Ayala") was in custody, he requested care but was deliberately ignored by the Defendant. Complaint ¶27.

It is further alleged that on September 18, 2025, Plaintiff requested medical care and was evaluated by on-call medical providers and provided with pain pills which were insufficient. Complaint ¶28.

Counsels of Defendant GEO and Plaintiffs have met and conferred prior to filing the instant Motion to Dismiss, but the parties were unable to reach an agreement, thus necessitating this motion. Declaration of Fred M. Blum ¶¶ 3-5.

## III.  ARGUMENT

### A.  LEGAL STANDARD

Under F.R.C.P. Rule 12(b)(6), a claim may be dismissed either for lack of a cognizable legal theory or failure to allege sufficient facts to support a cognizable legal theory. Taylor v. Yee, 780 F.3d 928, 935 (9th Cir. 2015). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (S. Ct. 2009). Though a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," Taylor, 780 F.3d at 935 (quotation omitted), "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. The Court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

///

///

4

**B.    PLAINTIFFS' FIRST AND SECOND CLAIMS SHOULD BE DISMISSED.**

**1.    Courts Have Refused to Extend Bivens Remedy to Private Government Contractors.**

In <u>Bivens v. Six Unknown Fed. Narcotics Agents,</u> 403 U.S. 388 (S. Ct. 1971), the U.S Supreme Court (the "Supreme Court")  recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights while acting under color of federal law. Thirty years later, the Supreme Court explicitly declined to extend this limited holding to confer a right of action for damages against private entities acting under color of federal law in <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61 (2001).

In <u>Minneci v. Pollard</u>, the Supreme Court further held that a prisoner at a federal facility operated by a private company could not assert a Bivens claim for damages against employees of the facility based on allegations that employees deprived him of adequate medical care where "state tort law provides an alternative, existing process capable of protecting the constitutional interests at stake". <u>Minneci v. Pollard</u>, 565 U.S. 118, 125-127 (2012). In support of its holding, the Supreme Court reasoned: "Prisoners ordinarily *cannot* bring state-law tort actions against employees of the Federal Government… But prisoners ordinarily *can* bring state-law tort actions against employees of a private firm (internal citations omitted)." Specifically, the Supreme Court found that Pollard's claim "…arose in California, where state tort law provides for ordinary negligence actions, for actions based upon want of ordinary care or skill, for actions for negligent failure to diagnose or treat, and for actions based upon the failure of one with a custodial duty to care for another to protect that other from unreasonable risk of physical harm… " (internal citations omitted) <u>Id.</u> at 128

In this case, Plaintiffs stated in their Complaint that Plaintiffs' Bivens claim based on inadequate medical care and unconstitutional conditions of confinement is brought against GEO, a private entity that operates the Adelanto ICE Processing Center. Complaint ¶37. Like <u>Minneci v. Pollard</u>, Plaintiffs also failed to show they are entitled to

DEFENDANT THE GEO GROUP INC'S NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

assert a Bivens claim for damages against GEO, a private entity, as California state tort law clearly provides an alternative remedy.

### 2. The Alleged Acts Of Defendant Do Not Support A Bivens Claim.

In Hunt v. Matevousian, the Eastern District Court of California declined to find an implied Bivens action for an alleged Fifth Amendment due process against prison officials based on improper medical treatment. Hunt v. Matevousian, 336 F.Supp.3d 1159 (E.D. Cal. 2018). The Court held that Plaintiff, a Federal prisoner whose claims are based on excessive force and prison medical treatment had alternative remedies available regarding their claims. Id. at 1169

Like Hunt v. Matevousian, there are alternative remedies available regarding Fifth Amendment due process claims against GEO, as evidenced by Plaintiffs' California tort law claims set forth in the Complaint.  As such, this deficiency is not subject to cure by amendment of the Complaint and the Claims should be dismissed with prejudice.

### C. THE SIXTH CAUSE OF ACTION FOR VIOLATION OF CA GOVERNMENT CODE SECTION 7320 SHOULD BE DISMISSED AS THERE ARE NO ALLEGATIONS THAT ADELANTO FACILITY MEETS THE DEFINITION OF "DETENTION CENTER" REQUIRED UNDER SECTION 7320.

California Government Code section 7320 does not apply to every act of a private detention center.  Only to those in which the plaintiff is detained "for purposes of execution of a punitive sentence imposed by a court or detention pending a trial hearing or other judicial or administrative proceeding". CAL GOV'T CODE, 7320(b)(1).

Plaintiffs do not allege that decedent was detained "for purposes of execution of a punitive sentence imposed by a court or detention pending a trial hearing or other judicial or administrative proceeding."  The Complaint only alleges that he was detained at GEO. This is insufficient.

///

///

///

6

**D.**      **PLAINTIFFS' INDIVIDUAL BANE ACT CLAIM ASSERTED ON THEIR BEHALF SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.**

Plaintiffs' individual claims are for wrongful death. Bane Act claims are not cognizable as wrongful death actions. Calonge v. City of San Jose, 523 F.Supp.3d 1101, 1106-1107 (S. Ct. 2021), Scalia v. County of Kern, 308 F. Supp. 3d 1064, 1084 (2018). The "Bane Act is not a wrongful death provision[.]" Calonge, 523 F.Supp.3d at 1106-1107. Plaintiffs alleged in their Complaint that their Bane Act Claim is brought both in their individual capacity and on behalf of Mr. Ayala. Complaint ¶96.  Since Bane Act claims may only be brought as survival claims, GEO's motion to dismiss the Bane Act claim should be granted with respect to Plaintiffs' individual claims without leave to amend.

**IV.    CONCLUSION**

For reasons stated above, Plaintiffs failed to state a claim upon which relief can be granted. Accordingly, the First, Second, Sixth and Seventh causes of action should be dismissed without leave to amend.

Date:   April 3, 2026                    GALLAGHER HUIE + BLUM

By: _____
FRED BLUM
DANIEL TROWBRIDGE
YUBEIXI BESSY SHI
Attorneys for Defendant
THE GEO GROUP INC

7