Jesus Eduardo Arias, Esq. LL.M.  [SBN  293983]
Law Offices of Jesus Arias
1150 S. Olive St. Sixth Floor
Los Angeles CA 90015
E| jearias@jesuseduardoarias.com
Attorney for Plaintiffs *Eusebio Ayala* and *Lucia Uribe*

FRED BLUM, ESQ. (SBN 101586)
fblum@teamghb.com
DANIEL TROWBRIDGE ESQ. (SBN 301301)
dtrowbridge@teamghb.com
GALLAGHER HUIE + BLUM
601 Montgomery Street, Suite 1100
San Francisco, CA 94111
Attorneys for Defendant *THE GEO GROUP INC.*

KENDRA N. STARK (SBN: 363663)
kstark@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
Attorneys for Defendant WELLPATH, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUSEBIO AYALA ROMAN, et al.<br><br>Plaintiffs,<br>vs.<br><br>THE GEO GROUP INC, et al.<br><br>Defendants. | **Case No.** 8:25-cv-02893-DOC-KES<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date:** June 22, 2026<br>**Time:** 8:30 A.M.<br>**Courtroom:** 10A<br>**Assigned to:** Hon. David O. Carter<br><br>**Trial Date:** Pending |

**JOINT RULE 26(f) REPORT**

Pursuant to Local Rule 26-1, Federal Rule of Civil Procedure 26(f), and this Court's Order Setting the Scheduling Conference, Plaintiffs EUSEBIO AYALA and LUCIA URIBE ("Plaintiffs") and Defendant THE GEO GROUP, INC. ("GEO" or "Defendant") and Defendant WELL PATH LLC, (collectively, "the Parties") hereby submit the following Joint Report.

Pursuant to FRCP 26(f) and this Court's Order, counsel for the Parties met and conferred and hereby submit their required report.

1.    **Summary of the Case and of Claims and Defenses**

   a. **Plaintiffs' Claims**

Plaintiffs' contend that this case arises out of the in-custody death of Mr. Ismael Ayala Uribe, Plaintiffs' son, allegedly caused by the unlawful and negligent conduct of Defendant GEO, its personnel, and subcontractors while he was detained at the Adelanto ICE Processing Center in Adelanto, California.  GEO disputes these allegations.

Plaintiffs contend Mr. Ayala was arrested by ICE agents without a warrant on August 17, 2025, in Fountain Valley, California, and transferred to the Adelanto ICE Processing Center, a facility operated by Defendant GEO under contract with ICE and the Department of Homeland Security (DHS). Plaintiffs allege that prior to his detention, Mr. Ayala was in good health and had no significant medical conditions.

Plaintiffs' contend that during his detention from August 17 to September 21, 2025, Mr. Ayala was wholly dependent on the personnel employed and/or contracted by GEO for his care. Plaintiffs allege that over several weeks, Mr. Ayala reportedly experienced severe and worsening symptoms, including intense pain, fever, chills, and weakness. Plaintiffs' contend that despite making multiple requests for medical assistance, he was allegedly ignored or provided only minimal and inadequate care.   GEO disputes

**JOINT RULE 26(f) REPORT**

Plaintiff's allegations.

On September 21, 2025, Mr. Ayala was transported to a hospital. He was pronounced dead in the early hours of September 22, 2025.

Plaintiffs allege that Defendants' failure to provide adequate and timely medical care, along with the conditions of his confinement, directly and proximately caused Mr. Ayala's death.  GEO denies Plaintiffs' contentions.  Plaintiffs seek damages for Mr. Ayala's pain and suffering prior to his death, as well as other applicable compensatory damages.

Plaintiffs bring the following Claims:

I. Fifth Amendment - Deliberate Indifference to Serious Medical Needs.

II. Fifth Amendment - Unconstitutional Conditions of Confinement.

III. Negligent Hiring, Training, and Supervising under California law.

IV. Negligence - Wrongful Death under California law.

V. Intentional Infliction of Emotional Distress under California law.

VI. Violation of California Government Code § 7320.

VII. Violation of California Civil Code § 52.1 (Tom Bane Civil Rights Act).

Defendant alleges the following Defenses:

b.  Defendant Wellpath, LLC's Position:

Wellpath maintains that it has no relationship to or involvement in this case. Wellpath did not have an active contract with Defendant GEO Group at any time relevant to this matter. Wellpath is currently seeking a voluntary dismissal from Plaintiffs.

c.  Defendant GEO's Defenses

Defendant GEO answered Plaintiffs' Complaint by filing a Motion to Dismiss the 1st Claim, 2nd Claim, 6th Claim and 7th Claim of Plaintiffs' Complaint.  The Motion is pending and set to be heard on June 22, 2026.

GEO has not yet answered the Complaint, and reserves the right to assert additional

**JOINT RULE 26(f) REPORT**

affirmative defenses.

GEO intends to assert the following affirmative defenses:

I.      Failure to State a Claim

II.     Causation

III.    Laches

IV.     Comparative/Contributory Fault

V.      Superseding or Intervening Independent Cause

VI.     Compliance with Laws

VII.    No Breach of the Standard of Care

VIII.   Waiver and Estoppel

IX.     Due Care

X.      Unforeseeable, Preexisting Conditions

XI.     Punitive Damages are not Warranted

**2.      Principal Legal Issues**

**a)**     Whether Defendant GEO and its employees violated Decedent's constitutional rights by being deliberately indifferent to Decedent's medical needs within the meaning of the 5th Amendment.

**b)**     Whether Defendant GEO and its employees violated Decedent's constitutional rights by subjecting him to conditions of confinement that amount to punishment, within the meaning of the 5th Amendment.

**c)**     Whether GEO acted under the color of state law;

**d)**     Whether Defendant GEO was negligent in the hiring, training and supervising of its employees and independent contractors under California law, and whether such negligence was a substantial factor in causing the Decedent's death.

**e)**     Whether Defendant GEO and its employees were negligent under California law by breaching their duties to act as reasonable persons and entities would do under similar circumstances, and whether the breach of such duties was a substantial factor

in causing the Decedent's death.

**f)**      Whether Defendant GEO and its employees' outrageous actions and omissions caused the Decedent severe emotional distress.

**g)**      Whether Defendant GEO and its employees violated California Government Code §7320 by failing to comply with, and adhere to, the detention standards of care and confinement agreed upon in the facility's contract for operations.

**h)**      Whether Defendant GEO and its employees violated California Civil Code § 52.1 (Tom Bane Civil Rights Act) by using violence, threats, intimidation or coercion to interfere with Decedent's civil rights.

**i)**      Whether GEO failed to comply with the standard of care with respect to the provision of medical care to Plaintiff;

**3.      Whether Other Parties Will Be Added and Whether the Pleadings are Likely to be Amended**

The Parties expressly reserve the right to add additional parties, claims, or defenses based upon information which may be uncovered during discovery.

The identities of individual DOE Defendants are still unknown to Plaintiffs.

Plaintiffs' pleadings are likely to be amended once individual DOE Defendants are identified.

**4.      Contemplated Motions**

There is a pending motion to dismiss Plaintiffs' First Claim (Deliberate Indifference), Second Claim (Conditions of Confinement), Sixth claim (CA Gov Code §7320), and Seventh claim (CA Civ Code Section §52.1 - The Bane Act).

Plaintiffs anticipate leave or motions to amend their Complaint once individual DOE Defendants are identified.

Wellpath is currently seeking a voluntary dismissal from Plaintiffs. If those efforts

**JOINT RULE 26(f) REPORT**

are unsuccessful, Wellpath plans to promptly move forward with a motion for summary judgment.

GEO anticipates the possibility of a motion for summary judgment as to Plaintiff's claims.

GEO anticipates bringing motions for partial summary judgment on several of Plaintiff's damage claims, including but not limited to attorneys fees, and punitive damages;

**5.    Settlement Efforts & ADR Procedure**

The parties have had three settlements discussions to this date. However, no agreements have been reached.

Both Parties are amenable to participating in a private mediation for settlement or mediation proceedings with a mutually agreeable mediator.

**6.    Status of Discovery & Discovery Plan**

The Parties are not requesting changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure, or the Local Rules.  Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), the Parties will exchange their Initial Disclosures on or before the date of July 15, 2026.

GEO anticipates issues with the production of electronically stored information. Certain information GEO anticipates Plaintiff will request are the property of the Department of Homeland Security ("DHS").  GEO anticipates needing approval of DHS to produce certain information which under GEO's control, including information regarding detainees, as well as material that can potentially raise security issues at the Adelanto Facility.  GEO also anticipates that Plaintiff will seek information protected by 8 U.S.C. section 1367, which prohibits the disclosure of certain protected information regarding detainees.  GEO any documents that depict any detainee will require review and approval of DHS.

GEO anticipates the need for a protective order to protect sensitive information in discovery.

Plaintiffs anticipate deposing fact witnesses as reasonably necessary, including but not limited to the facility's staff members who interacted with Decedent. Aside from conducting expert depositions, if necessary. The plaintiffs anticipate taking multiple depositions, including PMK Depositions on behalf of Defendant GEO, in terms of medical care and medications, classification of inmates, monitoring of inmates, safety checks records, medical assessments, screenings and evaluations. Including eye percipient witnesses and staff that interacted with the Decedent prior to his death.

GEO anticipates deposing the Plaintiffs, as well as other presently undisclosed witnesses who may have information regarding Plaintiffs' damage claims. GEO also anticipates taking the depositions of medical providers who treated Plaintiff before and after he was at the Adelanto Facility. It is possible that GEO would also depose the coroner, and/or other percipient witnesses at the Adelanto Facility.

### 7. Jury Trial Estimate

Both Parties request a trial by jury. The parties estimate the trial will last 5-7 days.

### 8. Statement of Other Issues & Proposed Dates

The current Scheduling Conference and Defendant GEO's Motion to Dismiss is set for June 22, 2026. The parties respectfully request this Court to consider a brief continuance of such Scheduling Conference Hearing from **June 22 2026, to July 08, 2026, or July 10, 2026.** Good cause for this request exists based on the recent r, 20266se to Plaintiffs' Complaint by Defendant Wellpath LLC and the fact that now all defendants have been served. The Parties also anticipate a more productive conference after resolution of any outstanding pleadings issues associated with the Motions to Dismiss.

**JOINT RULE 26(f) REPORT**

Furthermore, the proposed continuance is narrow in scope and will not prejudice any party. As to the other dates, the Parties respectfully propose the following:

    a)    Discovery Cut-Off Date: June 2nd  2027

    b)    Final Motion Cut-Off Date: July 8th   2027

    c)    Final Pretrial Conference Date: August 17, 2027

    d)    Trial Date: Tuesday, August 31, 2027

*Respectfully Submitted by*

By: /s/ Jesus Eduardo Arias Esq. LL.M.
Law Office of Jesus Eduardo Arias APC
*Attorney for Plaintiffs*

By: /s/ Fred M. Blum, Esq.
GALLAGHER HUIE + BLUM
*Attorneys for Defendant The GEO Group, Inc.*

By: /s/ Kendra N. Stark Esq.
GORDON REES SCULLY MANSUKHANI
*Attorneys for Defendant WELLPATH*

**JOINT RULE 26(f) REPORT**

## SIGNATURE CERTIFICATION

Pursuant to the Electronic Case Filing Administrative Policies and procedural manuals of the United States District Court for the Central District of California, I certify that the contents of this document are acceptable to counsel for all parties, and that I have obtained authorization from the signatories to affix their electronic signature to this document.

Date: 06/08/2026                    */S/Jesus Eduardo Arias Esq. LL. M.*
                                     Attorney for Plaintiffs

**JOINT RULE 26(f) REPORT**